1  ARLEO LAW FIRM, PLC
   ELIZABETH J. ARLEO (CASB No. 201730)
2  1672 Main Street, Suite E, PMB 133
   Ramona, CA 92065
3  Telephone: 760/789-8000
   760/789-8081 (fax)
4  Email: elizabeth@arleolaw.com

5  Attorney for Plaintiff

6

7

8                UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                      EASTERN DIVISION

11
   MARISOL SOLIZ-ANDERSON (A/K/A          )   CASE No. CV10-01833-PSG (DTBx)
12 MARISOL SMITH),                        )
                                          )   COMPLAINT FOR VIOLATIONS OF THE
13                     Plaintiff,         )   FAIR DEBT COLLECTION PRACTICES
                                          )   ACT, 15 U.S.C. §1692 *ET SEQ* AND
14 vs.                                    )   CALIFORNIA ROSENTHAL FAIR DEBT
                                          )   COLLECTION PRACTICES ACT, CA. CIV.
15 CAVALRY PORTFOLIO SERVICES, LLC        )   CODE 1788 *ET SEQ*.
                                          )
16                     Defendant.         )

-1-
COMPLAINT

Plaintiff, Marisol Soliz-Anderson (a/k/a Marisol Smith), ("Plaintiff"), alleges as follows against defendant Cavalry Portfolio Services, LLC ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

## GENERAL ALLEGATIONS

1. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4. Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to Defendant which caused Plaintiff actual and statutory damages.

5. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8. Personal jurisdiction is established because Defendant does business in the State of California.

## PARTIES

9. Plaintiff, Marisol Soliz-Anderson (a/k/a Marisol Smith), is an individual who resides in Riverside County.

10. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11. Defendant Cavalry Portfolio Services, LLC, is a domestic limited liability company organized and existing under the laws of the State of New York. Defendant's principal place of business is located at 7 Skyline Drive, Hawthorne, New York 10532.

12. Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

13. Defendant is in the business of taking title to charged-off debts allegedly owed by consumers originally owed to others.

14. Defendant then seeks to enforce the debts against the consumers.

15. Defendant has paid an average of less than 10 cents on the dollar for the debts it has purchased.

16. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

17. Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

## THE FDCPA AND THE CA FDCPA

18. Section 1692e of the FDCPA provides:

> §1692e. False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> * * *
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

19. Section 1788.13 of the CA FDCPA provides:.

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices: . . .
>
> (g)  The false representation that a debt collector is a consumer reporting agency;
>
> * * *
>
> (j) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; . . .

## FACTUAL ALLEGATIONS

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California, including the collection of alleged debts.

21. Prior to December 31, 2003, Plaintiff allegedly incurred a financial obligation to AT&T for primarily personal, family or household purposes.

-4-
COMPLAINT

22. The alleged debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

23. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

24. Before December 31, 2003, Plaintiff defaulted on the alleged debt.

25. Sometime between January 1, 2004 and December 1, 2009, the alleged debt was purchased by, assigned, or otherwise transferred to Defendant.

26. On or about January 6, 2010, Defendant sent a dunning two-page letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect a debt allegedly owed to Defendant. Plaintiff received it shortly thereafter. The letter is attached hereto as Exhibits 1 and 2.

27. Defendant's letter is two-sided: the first side, attached hereto as Exhibit 1, states in part:

> THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.

28. In connection with Defendant's attempt to collect the alleged debt, the reverse side of Defendant's collection letter includes Defendant's "Privacy Notice" attached hereto as Exhibit 2, which states in part:

> **Privacy Notice**
>
> **In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This Notice applies whether you are a current or a former customer of Cavalry.**
>
> COLLECTION AND USE OF PRIVATE INFORMATION
> We collect Private Information about you from the following sources:

Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.

Information about your transactions with us or others, such as your account balance and payment history.

Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OP PRIVATE INFORMATION

We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o Credit bureaus
- o The original creditor and entities that have had an ownership interest in your account
- o Entities that provide mailing services on our behalf
- o Entities that provide collection-related services on our behalf
- o Others, such as third parties, when you direct us to share information about you
- o Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION

We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 7 Skyline Drive, Hawthorne, New York 10532. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION

We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

29. Defendant's Privacy Notice constitutes both an illegal threat to disclose Plaintiff's nonpublic information as part of a debt collection effort, a false representation of Defendant's legal rights, and is false, deceptive and misleading as the language contains conflicting information.

30. Defendant was required to comply with the FDCPA and CA FDCPA.

31. "Federal regulations" do not permit disclosures that violate the FDCPA or CA FDCPA.

32. Defendant's Privacy Notice violates the FDCPA.

33. Defendant's Privacy Notice violates the CA FDCPA.

34. Actual disclosure of nonpublic information about debtors to credit bureaus, original creditors, entities that have had an ownership interest in Plaintiff's account, entities that provide mailing services to Defendant, entities that provide collection-related services on Defendant's behalf, others, such as third parties, when Plaintiff directs Defendant to share information, and affiliated and non-affiliated parties is prohibited by the federal Fair Debt Collection Practices Act, the Fair Credit Reporting Act and/or by other applicable federal and California state laws.

35. Actual disclosure of nonpublic information, including the fact that Plaintiff is allegedly in default on a debt, violates 15 U.S.C. §1692c (generally prohibiting communications with third parties about the collection of debts) and 15 U.S.C. §1692d (prohibiting publication of a list of consumers who refuse to pay debts), and the statement that Defendant would make such disclosures, or have the right to do so, violates 15 U.S.C. §1692e and subdivisions §1692e(5) and §1692e(10).

36. Since Defendant owned the debt, it could not and would not legally disclose Plaintiff's personal information to any "creditors."

37. At the time of Defendant's letter, the Fair Credit Reporting Act's seven-year statute of limitations had expired for reporting any information to any credit reporting agency about Plaintiff's alleged debt. Thus, information about the alleged debt and Plaintiff's personal information purported obtained by Defendant could not legally be disclosed to any "credit bureaus."

38. Nor did Defendant have any intention to furnish any information about the alleged debt to any credit reporting agency.

39. Upon information and belief, Defendant is not affiliated with any credit reporting agency, nor does it furnish information to any credit reporting agency. Thus, Defendant could not legally disclose Plaintiff's personal information and information about the alleged debt to any "nonaffiliated third parties . . ."

40. The inclusion of erroneous statements in a debt collection letter that information about the debtor can or will be disclosed to third parties amounts to an implicit threat that the debtor's privacy will be invaded if the debt is not paid.

# FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

## (Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*)

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. Defendant's January 6, 2010 letter constitutes numerous and multiple violations of the FDCPA, including but not limited to the following:

   (a) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt, *e.g.* the reference to disclosure of Plaintiff's nonpublic personal information to 'credit bureaus, creditors, entities that have an ownership interest in Plaintiff's account, affiliated or non-affiliated third parties' is false deceptive and misleading when any legal action against Plaintiff for a debt defaulted upon in 2003 was time barred by the Fair Credit Reporting Act's seven-year statute of limitation.

   (b) Defendant violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant could and would report information to any credit reporting agency when the Fair Credit Reporting Act's seven-year statute of limitations had expired for reporting any information about Plaintiff's alleged debt;

   (c) Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken, *e.g.* that Defendant could and would report information to any credit reporting or disclose Plaintiff's Private Information to credit and third parties that are affiliated or not affiliated with Defendant;

   (d) Defendant violated 15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer including that Defendant restricts access to Plaintiff's Private Information to Defendant's employees who need this information while simultaneously disclosing Plaintiff's information to "affiliated and non-affiliated third parties"; and

   (e) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt; and

43. As a result of the above-described violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

## SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

### (Violations of the California Fair Debt Collection Practices Act Cal. Civil Code §1788, *et seq.*)

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendant's letter constitutes numerous and multiple violations of the CA FDCPA, California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

46. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

**First Cause of Action**

    A. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B. The maximum amount of statutory damages provided under 15 U.S.C. §1692k(a)(2)(A);

    C. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant; and

    D. Such other or further relief as the Court deems just and proper.

COMPLAINT

**Second Cause of Action**

  E. An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

  F. The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);

  G. For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code §1788.30(c); and

  H. Such other or further relief as the Court deems just and proper.

DATED: March 10, 2010       Respectfully submitted,

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO

_____
ELIZABETH J. ARLEO

1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

Attorney for Plaintiff

**EXHIBIT 1**

January 0, 2010

January 0, 2010

MARISOL SOLIZ-ANDERSON

RE: Original In____tion:     AT&T
Original Ac____unt No.:   ▮▮▮▮
Cavalry Account No.:   ▮▮▮▮
Outstanding Balance: $141.61



**CAVALRY WANTS YOU TO GET TAX SEASON SAVINGS !!!!**

**70% OFF**

Cavalry wants you to get the most out of your tax refund this year by offering a **70%** discount to help pay your account.

That's right, you can settle your account ***right now for*** **$42.48**. Simply mail your payment along with the coupon at the bottom of this page in the enclosed envelope.

**If you prefer, you can also pay this off in 5 monthly installments of $11.33. A Savings of 60%.**

Please feel free to call us at *1-800-501-0909* to discuss this or the many exciting payment programs available at Cavalry. You can also visit us online at **www.cavalryportfolioservices.com** to make a payment or check account information.

Sincerely,
Cavalry Portfolio Services, LLC

*This Offer Expires 30 Days From The Date Of This Correspondence.*

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.
SEE REVERSE SIDE FOR IMPORTANT INFORMATION CONCERNING YOUR RIGHTS**

---

**70% INSTANT DISCOUNT
PAYMENT COUPON**

Please detach and return this portion with your payment in the enclosed envelope. Be sure the address below shows through the return envelope window.

Make Checks and Money Orders Payable to
Cavalry Portfolio Services, LLC.

MARISOL SOLIZ-ANDERSON

**EXHIBIT 2**

Commission at 1-877-FTC-HELP or www.ftc.gov. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM.

**IN MASSACHUSETTS:** YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 7 Skyline Drive, Hawthorne, NY 10532.

# IN MINNESOTA: THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 7 Skyline Drive, Hawthorne, New York 10532; (c) 9522 E. 47th Place, Suite H, Tulsa, Oklahoma 74145; and (d) 408 St. Peter Street, St. Paul, Minnesota 55102.

---

**Privacy Notice**

**In accordance with federal regulations, Cavalry is giving you this notice to tell you how we may use non-public personal information about you and your account ("Private Information"). This notice applies whether you are a current or a former customer of Cavalry.**

COLLECTION AND USE OF PRIVATE INFORMATION
We collect Private Information about you from the following sources:

- ☐ Information we receive from you either directly or indirectly, such as information on applications or other forms, which may include your name, address, social security number and income.
- ☐ Information about your transactions with us or others, such as your account balance and payment history.
- ☐ Information we receive from consumer reporting agencies, such as your credit history and credit worthiness.

DISCLOSURE OF PRIVATE INFORMATION
We only disclose information we collect to affiliated and non-affiliated third parties as permitted by the federal Fair Debt Collection Practices Act. We may disclose information we collect to:

- o Credit bureaus
- o The original creditor and entities that have had an ownership interest in your account
- o Entities that provide mailing services on our behalf
- o Entities that provide collection-related services on our behalf
- o Others, such as third parties, when you direct us to share information about you
- o Affiliated and non-affiliated parties if not prohibited by the federal Fair Debt Collection Practices Act or by other applicable laws

MAINTENANCE OF ACCURATE INFORMATION
We have established procedures to correct inaccurate information in a timely manner. If you have any reason to believe that our record of your Private Information is incorrect, contact us in writing at 7 Skyline Drive, Hawthorne, New York 10532. We will investigate the situation and, when appropriate, update our records accordingly.

PROTECTION OF INFORMATION
We restrict access to Private Information about you to our employees who need this information to provide products and services to you. We maintain physical, electronic, and procedural safeguards that are consistent with federal standards to guard your Private Information.

---

For account questions, comments, or general customer service, you may contact us at 800-501-0909 Monday through Thursday from 8:00 am to 9:00 pm Eastern Time, Friday from 8:00 am to 8:00 pm Eastern Time and Saturday from 9:00 am to 2:00 pm Eastern Time, or you may write us at 7 Skyline Drive, Hawthorne, New York 10532.

**By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a one-time electronic debit from your account at the financial institution indicated on your check.**

Name & Address:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

MARISOL SOLIZ-ANDERSON, aka Marisol Smith
PLAINTIFF(S)

v.

CAVALRY PORTFOLIO SERVICES, LLC

DEFENDANT(S).

CASE NUMBER

CV10-01833-PSG(DTBx)

**SUMMONS**

TO: DEFENDANT(S): CAVALRY PORTFOLIO SERVICES, LLC

   A lawsuit has been filed against you.

   Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Elizabeth J. Arleo_____, whose address is 1672 Main Street, Suite E, PMB 133, Ramona CA 92065_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __15 MAR 2010__         Clerk, U.S. District Court

                               By: _____
                                    Deputy Clerk

                               (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MARISOL SOLIZ-ANDERSON (A/K/A MARISOL SMITH)

Riverside County, California

**DEFENDANTS**
CAVALRY PORTFOLIO SERVICES, LLC

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
ARLEO LAW FIRM, PLC, ELIZABETH J. ARLEO
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065   Tele: 760-789-8000

**Attorneys (If Known)**

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT:** $ over $1,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. §1692 et seq/. Fair Debt Collection Practices Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | | ☐ 830 Patent |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV10-01833**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date March 10, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

**CV10- 1833 PSG (DTBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY